# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-159 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| RICHARD GOULD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CRIMINAL PRETRIAL AND TRIAL ORDER

On April 15, 2021, the Court conducted a pretrial conference attended by Assistant United States Attorney Brian M. McDonough and Carol Ann Szczepanik, counsel for Defendant. Based on the discussions at that conference, the Court sets the following schedule and enters this order. Additional pretrial hearings may be scheduled as needed.

### SUMMARY OF DEADLINES

This order sets the following deadlines:

Discovery Deadline: June 17, 2021.

Enhancement Deadline: May 17, 2021.

Pretrial Motion Deadline: August 16, 2021.

Response to Pretrial Motions: August 30, 2021.

Reply in Support of Pretrial Motions: September 13, 2021

1

## APPEARANCES, DEADLINES, AND CONTINUANCES

Lead counsel must be present at all proceedings unless excused by the Court on written motion.

Consistent with Rule 46(b), the Court will not extend any deadline set forth in this order or in the Federal Rules of Criminal Procedure absent a showing of good cause made on motion sufficiently in advance of the deadline or a showing of excusable neglect on motion made after the deadline.

The Court will not continue a trial or hearing without a written motion stating the reason for the request. A motion for continuance due to a conflict of trial assignment dates will not be considered unless the conflicting assignment is adequately described in the motion, including the name of the case, its number, and the trial judge. The motion shall be filed and served not less than fifteen (15) days after counsel becomes aware of the conflict, and not less than thirty (30) days before trial in this case.

## DISCOVERY AND INSPECTION

Counsel for Defendant is directed to contact promptly the Assistant United States Attorney in charge of the prosecution of this case, if prior contact has not already been made, and arrange a meeting for the purpose of resolving all requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16, and by law. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963). This discovery meeting shall be held as promptly as possible. Upon request for discovery by counsel for Defendant, the United States shall disclose discoverable information under the

terms and conditions of Rule 16(a). The United States shall provide a response within one week of receiving Defendant's request.

Discovery shall be completed on or before June 17, 2021. If at any time during the course of these proceedings any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a motion to compel discovery. Motions to compel discovery shall be filed no later than one week from the date of a party's denial of or failure to respond to the request.

Requests for discovery shall be docketed as notices. Only when Court intervention is required shall a request for discovery be docketed as a motion.

### *BRADY* INFORMATION AND *IN CAMERA* REVIEW

Pursuant to the Due Process Protections Act and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the United States has a continuing obligation to produce all evidence favorable to Defendant and material to Defendant's guilt or punishment. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes producing evidence "known only to police investigators and not to the prosecutor" and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . . , including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) (holding that *Brady* encompasses impeachment evidence); *see also*

Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure). Where doubt exists as to the usefulness of the evidence to the defendant, the United States must resolve any such doubts in favor of full disclosure. *See, e.g.*, *United States v. Safavian*, 233 F.R.D. 12, 17 (D.D.C. 2005); *United States v. Carter*, 313 F. Supp. 2d 921, 925 (E.D. Wis. 2004) (citations omitted).

Accordingly, the Court, *sua sponte*, directs the United States to produce to Defendant in a timely manner any evidence in its possession that is favorable to Defendant and material either to Defendant's guilt or punishment. This responsibility includes producing, during plea negotiations, any exculpatory evidence in the possession of the United States. The United States is further directed to produce all discoverable evidence in a readily usable form. For example, the United States must produce documents as they are kept in the usual course of business or must organize and label them clearly. The United States must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the United States is directed to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall be produced in that format. If the information does not exist in such a format and, as a result, the United States is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the United States has identified any information which is favorable to Defendant but which the United States believes not to be material, the United States shall submit such information to the Court for *in camera* review.

Failure to comply with these obligations in a timely manner may result in consequences including dismissal of the charges, exclusion of witnesses or evidence, evidentiary sanctions, a continuance of the trial date, adverse jury instructions, the reversal of any conviction, sanctions against those responsible for the failure, contempt proceedings, or any other remedy that is just under the circumstances.

## PRETRIAL MOTIONS

Pretrial motions shall be filed on or before August 16, 2021. All pretrial motions shall state the basis for the motion, identify the authorities on which the movant relies, and otherwise comply with Local Rule 12.1. Responses to pretrial motions shall be filed by August 30, 2021. Any reply shall be filed by September 13, 2021.

## ENHANCEMENTS

Before seeking an enhanced sentence or other increased punishment due to a prior conviction, in accordance with 21 U.S.C. § 851, or any other relevant enhancement provision, the Assistant United States Attorney must file a notice no later than May 17, 2021.

## MOTIONS TO TRAVEL

Motions to travel that are filed within 48 hours of the requested travel will be denied absent proof of an emergency. Motions must indicate whether the Assistant

United States Attorney objects or explain why the Assistant United States Attorney has not been consulted.

## CHANGE OF PLEA

Plea discussions between the Assistant United States Attorney and the attorney for Defendant shall be commenced as soon as practicable. The parties shall notify the Court promptly if a plea agreement is reached by filing a notice of intent, and the Court will schedule a change of plea hearing. A copy of the plea agreement, if any, should be provided to the Court, sufficiently in advance of the change of plea hearing, via email to Calabrese_Chambers@ohnd.uscourts.gov.

General Order No. 93-02 of the United States District Court for the Northern District of Ohio, adopted May 25, 1993, at 4 (Jury Utilization Management Plan), provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial." Accordingly, the Court will rarely accept a plea agreement submitted later than one week before the trial date. In the event the Court does accept such a plea on the day of trial, for good cause shown, the costs for summoning jurors for one (1) day of service shall be assessed equally against the United States and Defendant(s), if a jury has been summoned, unless the parties agree to a different arrangement.

## ELECTRONIC FILING

Counsel are advised that all documents, notices, and orders in this matter shall be filed electronically rather than on paper, except as provided for in the Electronic Filing Policies and Procedures Manual, which governs electronic filing in the

Northern District of Ohio and also provides helpful information on system requirements and usage. The manual can be accessed [here](#) and other important information on electronic filing may be found [here](#) on the Northern District of Ohio's website. Electronically filed documents should be in a text-searchable format. If you have questions about electronic filing, please call any Northern District of Ohio Clerk's Office or the CM/ECF Help Desk at (800) 355-8498.

Notice of filings is sent electronically. It is the responsibility of each counsel of record to set up a user e-mail account to receive e-mail notification and to check that e-mail account on a regular and timely basis.

## CONDUCT OF COUNSEL

In addition to the provisions of this order, pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

## YOUNGER LAWYERS

The Court strongly encourages parties to allow less experienced lawyers the opportunity to participate actively in cases by presenting arguments at motion hearings or examining witnesses at trial or other evidentiary hearings. Therefore, the Court may alter its practices in this order to afford opportunities to younger lawyers. For example, the Court may allow a bifurcated oral argument in which a senior attorney presents one portion of the argument and a younger lawyer who has

worked on the case presents the other portion. Similarly, at trial, the Court may relax the usual one-lawyer-per-witness rule to allow less experienced lawyers an opportunity to examine witnesses. Counsel seeking permission to bifurcate arguments or witness examinations should raise the issue at the final pretrial conference or by contacting the courtroom deputy.

**SO ORDERED.**

Dated: April 15, 2021

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio