IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR159 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD GOULD, | ) | <u>UNITED STATES' SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Brian McDonough, Assistant United States Attorney, and herby submits this memorandum to aid the Court in its sentencing of Defendant Richard Gould (hereinafter "Defendant" or "Gould"), who pled guilty to two counts of making and subscribing false tax returns for having nearly $500,000 in intentionally unreported income over two years. The United States requests that the Court impose a Guidelines sentence of 12 to 18 months and a Guidelines fine of $5,500 to $55,000 because a sentence of that length and a fine of that amount would reflect the seriousness of the offenses and deter future criminal conduct by him and others.

I.  BACKGROUND

On March 11, 2021, a federal Grand Jury returned a two-count Indictment against the Defendant that charged him with making and subscribing false tax returns, in violation of 26 U.S.C. § 7206(1) for the 2014 and 2015 tax years. (R. 1: Indictment, PageID 1-2). On December 22, 2022, the Defendant pled guilty to the Indictment. (R. 28: SEALED Final Presentence

Report[1], PageID 83, ¶1). The facts underlying the charges and additional evidence developed through the investigation are as follows.

The Defendant was previously employed as the Chief Operating Officer (COO) for Summit Pain Specialists (SPS) Inc during the tax years of 2014 to 2016. (Id. at PageID 83, ¶5). During his time at the pain clinic, as COO for SPS, the Defendant directed employees to issue checks, direct deposits, and bank transfers directly to him to ensure he was treated as an independent contract rather than a pay-rolled employee. (Id.) He also prepared the joint individual federal income tax returns that he and his wife electronically filed with the IRS for 2014 and 2015. (Id.) The IRS determined the tax returns to be fraudulent because the Defendant listed himself as unemployed and did not report any of his taxable income during those years. (Id.) SPS closed in 2016 due to allegations of sexual assault and medical misconduct by its doctors. (Id.) The tax amounts missing are below:

| Tax Year | Unreported Income | Additional Tax Due & Owed |
|:---:|:---:|:---:|
| 2014 | $103,365.00 | $41,436.00 |
| 2015 | $366,275.56 | $142,759.00 |
| Total | $469,640.56 | $184,195.00 |

(Id. at PageID 84). The Defendant ultimately pled guilty to the full indictment and entered into a written plea agreement with the Government. (Id. at PageID 83, ¶2).

---

[1] Document 28, the First Disclosure Presentence Report, will hereinafter be referred to as the "PSR."

## II. APPLICABLE LEGAL STANDARDS

To determine the appropriate sentence for a defendant, a court must consider the applicable guidelines range under 18 U.S.C § 3553(a). *United States v. Thompson*, 515 F.3d 556, 560 (6th Cir. 2008). Though the guidelines are advisory now, they are still a "starting point and initial benchmark." *Gall v. United States*, 552 U.S. 38, 39 (2007). Accordingly, a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" outlined in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).

## III. SENTENCING GUIDELINES COMPUTATION

The parties agreed to group Counts 1 and 2 together under USSG § 3D1.2. (R. 28: Final PSR, PageID 83, ¶2). The Defendant's base level offense for a 26 U.S.C. § 7206(1) crime is 16 as found in USSG § 2T1.1. (Id. at PageID 85, ¶12). The PSR included no increases beyond the base offense level. If the Defendant continues to admit to the crime, he will receive a two-level decrease for accepting responsibility pursuant to USSG § 3E1.1(a). (Id. at ¶19). An additional one-level decrease applied because of his assistance to authorities in the investigation and prosecution of the crime by timely notifying the authorities of his intent to plead guilty. (Id. at ¶20). The total offense level is thus 13. (Id. at PageID 86, ¶21).

| 26 U.S.C. § 7206(1): Making and Subscribing False Tax Returns | | |
|---|---|---|
| Base offense level (Tax loss greater than $100,000) | 16 | §2T1.1(a)(1) and §2T4.1(f) |
| Acceptance of responsibility | -3 | §3E1.1 |
| Total offense level | 13 | |

(Id. at PageID 83, ¶2).

The Defendant also falls in Criminal History Category I. (Id. at PageID 86, ¶26). Based on the total offense level history, the applicable Guideline imprisonment range for his crimes is

Zone C with a term of imprisonment of 12 to 18 months (id. at PageID 91, ¶48) and a Guidelines fine of $5,500 to $55,000. (Id. at PageID 92, ¶60).

## IV.  APPLICATION OF SECTION 3553(A) FACTORS

In general, § 3553(a) lists 7 factors that the Court must consider before sentencing. This includes the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, protect the public and others listed in the statute. The government requests that the Court impose a sentence that matches his culpability as someone with an advanced degree in business administration and a master's degree in systems management. (Id. at PageID 89, ¶43). Put simply, Gould knew what he was doing, and he should be punished accordingly.

Here, Gould intentionally failed to report taxable income to work-around the system. He attempted to pocket nearly $200,000 in owed taxes by reporting himself as unemployed during 2014 and 2015. Gould had the means to pay but refused. In United States v. Hayes, 674 F. App'x 507 (6th Cir. 2017), the Court there upheld a sentence of 15 months for a similarly situated defendant who attempted to defraud the government of over $125,000 in taxes. A sentence within the Guidelines would therefore reflect the seriousness of his offense, deter others from committing the same offense, and reflect the sentences of other offenders.

Furthermore, Gould's age and mental health do not justify a downward departure from the sentencing guidelines. The Sixth Circuit recently re-affirmed that "age and physical conditions are not prohibited considerations, but they are discouraged factors that justify a downward departure only in extraordinary situations." United States v. Piper, No. 20-1867, 2021 U.S. App. LEXIS 32782, at *9-10 (6th Cir. Nov. 2, 2021) (quoting United States v. Bostic, 371 F.3d 865, 875 (6th Cir. 2004) (citing USSG §§ 5H1.1, 5H1.4)). Gould is a 67-year-old man with

age-related health issues including a recent surgery for spinal decompression. (R. 28: PSR, PageID 88, ¶38). Although his active list of conditions is long, considering that his conditions are manageable with physical therapy and medication. (Id. at ¶38-40). *See* Bostic, 371 F.3d at 875 (The District Court is "require[d]…to consider the relative costs and efficiency of home confinement and imprisonment.") (citing USSG §§ 5H1.1, 5H1.4).

Lastly, any collateral consequences to Gould's conviction, such as the length of these legal proceedings, his legal fees, the fact that is now convicted a felon, his humiliation, if any, before his community, neighbors, and friends, should not be considered by this Court because these collateral consequences would tend to support shorter sentences for defendants from privileged backgrounds. United States v. Musgrave, 761 F.3d 602, 606-07 (6th Cir. 2014). Because economic and fraud-based crimes are more rational, cool, and calculated then sudden crimes of passion or opportunity, they are prime candidates for general deterrence. Id. *See also* United States v. Panyard, No. 07-20037-2, 2009 WL 1099257, at * 12 (E.D. Mich. April 23, 2009) ("White-collar crimes…are often perceived as carrying substantially lesser punishment than other comparable offenses," making deterrence imperative when determining sentencing.).

In sum, a prison sentence of 12 to 18 months along with a fine are a sentence that is sufficient, but not greater than necessary, to comply with the purposes of the § 3553(a) factors. 28 U.S.C. § 3553(a)(2).

## V. RESTITUTION

The United States requests that this Court order Gould to pay restitution in the amount of $184,195.00 under 18 U.S.C. § 3663A, due and payable immediately as ordered by the Court. (R. 28: PSR, PageID 93, ¶62). According to the IRS agent, the 2014 tax year has been paid off,

5

and only the 2015 tax year remains. (Id.). Restitution in the amount of $6,548.18 (including interest and penalties) is thus due and payable at the time of sentencing to the IRS. (Id.).

## VI. CONCLUSION

For the reasons outlined above, the United States requests the Court to impose a Guideline sentence of 12 to 18 months and a Guidelines fine of $5,500 to $55,000 with the above restitution amount of $6,548.18 on Gould for deliberately making and subscribing false tax returns as COO of SPS.

    Respectfully submitted,

    MICHELLE M. BAEPPLER
    First Assistant United States Attorney

By:   /s/ Brian McDonough
    Brian McDonough (OH: 0072954)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3965
    (216) 522-2403 (facsimile)
    Brian.McDonough@usdoj.gov
\